# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 09-2208-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>REVERSING DECISION OF<br>COMMISSIONER OF SOCIAL SECURITY<br>AND REMANDING FOR FURTHER<br>PROCEEDINGS |

## PROCEEDINGS

On December 7, 2009, Joseph Grimes ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on June 8, 2010.  On August 12, 2010, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  The matter is now ready for decision.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with law and with this Memorandum and Order.

**BACKGROUND**

Plaintiff is a 30 year old male who was determined to have the medically determinable severe impairment of psychotic disorder, depressive disorder, personality disorder, and substance abuse disorder in questionable remission.  (AR 12.)  Plaintiff has not engaged in substantial gainful activity since December 9, 2006, the application date.  (AR 12.)

Plaintiff's claim was denied initially and on reconsideration on March 27, 2008.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held on June 4, 2009, in San Bernardino, California, before Administrative Law Judge ("ALJ") Joseph D. Schloss  (AR 10.)  Plaintiff appeared and testified and was represented by counsel.  (AR 10.)  Also appearing and testifying were Miriam Sherman, a medical expert, and Sandra Fioretti, a vocational expert ("VE").  (AR 10.)

On September 11, 2009, the ALJ issued an unfavorable decision.  (AR 10-17.)  The Appeals Council denied Plaintiff's request for review on October 30, 2009.  (AR 3-5.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as grounds for reversal are as follows:

1.  Whether the ALJ properly found Plaintiff capable of performing past work as a resetter/sales attendant.

2.  Whether the ALJ properly considered the treating clinician's Clinical Assessment findings.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed,

or equivalent to an impairment listed, in Appendix I of the regulations. <u>Id.</u>  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen v. Yuckert</u>, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  <u>Parra</u>, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  <u>Lounsbury v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  <u>Id.</u>

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**PLAINTIFF'S MENTAL IMPAIRMENT
AND THE ALJ DECISION**

Plaintiff alleges auditory and visual hallucinations.  (AR 14, 23, 25, 29, 34, 121, 141, 148, 235, 272.)  Dr. Sherman, the consulting medical expert who reviewed the medical records and was present at the hearing, assessed Plaintiff with psychotic disorder, depressive disorder, personality disorder, and substance addiction disorder.  (AR 38-41.)  Dr. Sherman noted one suicide attempt in 2006 when Plaintiff swallowed all his pills after a fight with his girlfriend.  (AR 15, 41.)  Plaintiff has a history of drug abuse and recently was in prison.  (AR 15, 24-25, 286.)

Dr. Sherman found no objective evidence of Claimant's subjective complaints and opined that Claimant can perform simple, repetitive tasks with no public contact.  (AR 41.)  State reviewing physicians offered a similar diagnosis and RFC.  (AR 16, 271-286, 298-99.)

The ALJ accepted these opinions, finding that Plaintiff's mental impairments were severe (AR 12.)  The ALJ discounted Plaintiff's credibility, a finding not challenged here.  The ALJ assessed Claimant an RFC of no exertional limitations but limited him to "simple, repetitive nonpublic tasks."  (AR 13.)

Based on the VE's testimony, the ALJ determined that Plaintiff could perform his past relevant work as a resetter/sales attendant as actually and generally performed.  (AR 16.)  Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 16.)

**DISCUSSION**

The ALJ decision must be reversed.  The ALJ's step four determination that Plaintiff can perform his past relevant work as a resetter/sales attendant was not supported by substantial evidence and free of legal error.  Plaintiff's RFC limitation to simple, repetitive tasks is inconsistent with the resetter job requirements, which require a Reasoning Level of 3.  Simple repetitive tasks are inconsistent with Reasoning Level 3 occupations.  The VE failed to identify this conflict or offer any explanation to justify the variation.  This was error.

**I.    THE ALJ'S PAST RELEVANT WORK DETERMINATION CONFLICTS WITH HIS RFC**

At step four of the sequential process, a claimant bears the burden of proof to demonstrate that he cannot perform his past relevant work ("PRW"). Pinto, 249 F.3d at 844. The ALJ nonetheless has a duty to make the requisite factual findings to support his PRW conclusions. Id.

In this case, based on the VE's testimony, the ALJ determined that Plaintiff could perform his past relevant work as a resetter/sales attendant as actually and generally performed. (AR 16.)  The job of attendant/restocker/ resetter can include nonpublic tasks, such as arranging stock on shelves or racks in the sales area, keeping merchandise in order, and doing inventory on stock.  Dictionary of Occupational Titles ("DICOT") 299.677-010; 1991 WL 672643 (G.P.O.).  As actually performed by Claimant, this was a night stocker job that involved little or no public contact.  (AR 16, 33-34, 48.)

The restocker occupation, however, is classified as light work with a Reasoning Level of 3.  Claimant must be able to:  "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  See DICOT App. C, 1991 WL 688702, setting forth General Educational Development ("GED") reasoning levels "required of the worker for satisfactory job performance."  A job's reasoning level "gauges the minimal ability a worker needs to complete the jobs tasks themselves."  Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005).

The ALJ assessed Plaintiff with a RFC limitation to "simple, repetitive nonpublic tasks."  (AR 13.)  Numerous district courts in this Circuit have held that a limitation to simple, repetitive tasks is inconsistent with Reasoning Level 3 jobs. Bagshaw v. Astrue, 2010 WL 256544, *5 (C.D. Cal. 2010); McGensy v. Astrue, 2010 WL 1875810, *3 (C.D. Cal. 2010); Tich Pham v. Astrue, 695 F. Supp. 2d 1027, 1032 n. 7 (C.D. Cal. 2010).  Etter v. Astrue, 2010 WL 4314415, *3 (C.D. Cal. 2010); Pak v. Astrue, 2009 WL 2151361, *7 (C.D. Cal. 2009); Tudino v. Barnhart, 2008 WL 4161443, *11 (S.D. Cal. 2008) ("Level-two reasoning

1  appears to be the breaking point for those individuals limited to performing only simple

2  repetitive tasks"); Squier v. Astrue, 2008 WL 2537129, *5 (C.D. Cal. 2008) (reasoning level

3  3 inconsistent with simple repetitive work).

4       DICOT raises a presumption as to the job classification requirements.  Johnson v.

5  Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may accept vocational expert

6  testimony that varies from DICOT but the record must contain "persuasive evidence to

7  support the deviation."  Id.  The ALJ has an affirmative responsibility to ask whether a

8  conflict exists between a VE's testimony and DICOT.  SSR 00-4p, 2000 WL 189704

9  (S.S.A.); Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).  If there is a conflict, the

10  ALJ must obtain a reasonable explanation for the conflict and then must decide whether to

11  rely in the VE or DICOT.  Id.  Failure to do so, however, can be harmless error where there

12  is no actual conflict or the VE provides sufficient support to justify a variation from DICOT.

13  Id. at 1154 n.19.

14       In this case, the ALJ asked the VE to identify any inconsistency with DICOT (AR 47),

15  but the VE never did so.  The VE seemed concerned primarily with prior jobs that involved

16  public contact, including the resetter job.[2]  The VE never discussed the mental capacity or

17  reasoning level required for the restocker/sales attendant job.  The ALJ did not obtain any

18  explanation of the variance.  This was error and not harmless error because it undermines

19  the ALJ's step four determination.

20       The Commissioner offers weak arguments never considered by the ALJ and thus not

21  properly considered here.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are

22  constrained to review the reasons the ALJ asserts.").  The Commissioner argues that

23  DICOT reasoning levels are part of the education required by the job and not related to the

24  _____

25       [2] This was with good reason because the restocker job can involve significant public
contact.  Potential job requirements include customer service, aiding customers in locating
26  merchandise, answering customer questions, and directing customers to fitting rooms or the
cashier.  DICOT 299.677-010.  There is no basis for the ALJ's conclusion that Claimant can
27  perform the job as generally performed.  Indeed, the VE never said he could.  Even as
actually performed, however, the job requires a Reasoning Level of 3.
28

1   mental ability required by the job but to its skill level.  (JS 8.)  The Commissioner cites no

2   case authority for his position, the language of DICOT Appendix C contradicts the

3   Commissioner's position (it speaks of reasoning levels "required" for job performance) and

4   District Court cases in this Circuit referring to mental capacity and the reasoning level ability

5   to complete the job's tasks plainly reject the Commissioner's position.  Bagshaw, 2010 WL

6   256544 at *5; Meissl, 403 F. Supp. 2d at 983.  The Commissioner cites decisions in other

7   Circuits that disagree with cases in this Circuit.  Renfrow v. Astrue, 496 F.3d 918, 921 (8th

8   Cir. 2007), and Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009).  Yet there also are cases

9   in other Circuits consistent with those in this Circuit.  See, e.g., Hackett v. Barnhart, 395

10  F.3d 1168, 1176 (10th Cir. 2005) (Reasoning Level 3 jobs inconsistent with simple repetitive

11  work); Estrada v. Barnhart, 417 F. Supp. 2d 1299, 1303-04 (M.D. Fla. 2006); Carter v.

12  Barnhart, 2005 WL 3263936, *2 (D. Me. 2005).  Renfrow and Terry do not appear to

13  consider all the contrary authority.  The weight of authority is firmly of the view that

14  Reasoning Level 3 jobs are inconsistent with limitations to simple repetitive tasks.

15        The ALJ's step four determination, then, is not supported by substantial evidence and

16  free of legal error.  Smolen, 80 F.3d at 1279.  The ALJ should have proceeded to step five

17  or asked the VE in the alternative to identify other jobs in the national economy, with a

18  reasoning level of 2.  The ALJ decision is reversed and remanded for further proceedings.[3]

19

20  _____

21        [3] The Court sees no reason or need to resolve other issues as this time.  Plaintiff
    also seeks reversal on the grounds that the ALJ failed to consider the treatment notes of
22  social worker Tamara Parsons, who reported hallucinations, depression, and other
    symptoms.  (AR 253, 258, 259, 265-268.)  The ALJ is not required to discuss every piece of
23  evidence in the record, Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), only
    significant and probative evidence.  Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.
24  1984).  Ms. Parsons does not appear to be a medical treating source, there is no conflict in
    the evidence as the symptoms and diagnoses she describes do not differ from those of Dr.
25  Sherman and the State reviewing physicians, she did not provide a mental RFC or opine
    that Claimant cannot work, and Plaintiff's alleged symptoms as recounted by Ms. Parsons
26  are undermined by the discounting of his credibility.  Nonetheless, on remand the ALJ
    should obtain an update on the severity of Claimant's mental impairments in order to assess
27  properly whether he is capable of performing any jobs in the national economy.

28

1

**ORDER**

2      IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the

3  Commissioner of Social Security and remanding the case for further proceedings in

4  accordance with law and with this Memorandum Opinion and Order.

5      LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7  DATED: <u>January 18, 2011</u>            <u>     /s/ John E. McDermott     </u>

8                                                     JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28